**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 26 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN BAYLISS; KAREN RAE
QUARLES, and all pawn customers
similarly situated,

        Plaintiffs - Appellants,

    v.

CITY OF TULSA, an incorporated
municipality separately and as Susan
Savage, Tulsa Mayor; TULSA CITY
COUNCIL, a municipal Corporation within
Tulsa County separately and as B.S.
Robert, Darla Hall, Mike Patrick, Gary
Watts, Robert Nelson, James Hogue, Sr.,
John Benjamin, Vickie Cleveland, and
Dewey Bartlett, Jr., all Tulsa City
Councilmembers; B.S. ROBERTS; DARLA
HALL; MIKE PATRICK; GARY WATTS;
ROBERT NELSON; JAMES HOGUE, SR.;
JOHN BENJAMIN; VICKIE
CLEVELAND; DEWEY BARTLETT, JR.;
TULSA POLICE DEPARTMENT, sued as:
Ron Cunningham, a police officer for the
City of Tulsa, Oklahoma and Ron Palmer,
the duly appointed Chief of Police of the
City of Tulsa, Oklahoma; RON
CUNNINGHAM, an individual; RON
PALMER, an individual; OKLAHOMA
PROPERTY RECOVERY ASSOCIATION,
an unincorporated organization, separately
and as Ron Cunningham, president,

        Defendants - Appellees.

No. 96-5241
(D. Ct. No. 96-CV-199-K)
(N. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

This appeal is from an order of the district court granting the motion of the defendant City of Tulsa to dismiss this action under Rule 12(b)(6) Fed.R.Civ.P. We review such a dismissal de novo and, accept as true all of the factual allegations in the complaint, construe them in the light most favorable to the plaintiffs, and resolve all reasonable inferences in plaintiffs' favor. Plaintiffs are pawnshop customers who bring this purported class action to challenge the constitutionality of the Oklahoma Pawn Broker Act, 59 O.S. § 1501 et seq. ("the Act"). Plaintiffs in this action challenge the constitutionality of the application of the Act as it is applied by the Tulsa Municipal Code Ordinance Ch. 11 § 1104(C) which states that pawn brokers "shall cause to be delivered" their reports to law enforcement. Arguing that the Act prohibits the passage of

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

municipal ordinances more restrictive than the Act itself, plaintiffs argue that the reporting requirements of the Tulsa Municipal Code result in an unconstitutional application of the Act. We disagree and affirm.

In our view, the issues raised by the pawnshop customers in this case are controlled by S&S Pawn Shop, Inc. v. City of Del City, 947 F.2d 432 (10th Cir. 1991) and Winters v. Bd. of County Comm., 4 F.3d 848 (10th Cir. 1993), cert. denied, 114 S. Ct. 1539 (1994). Plaintiffs attempt to distinguish those cases by arguing that this case is brought by two pawnshop customers instead of by pawn brokers. The plaintiffs allege a violation of the Fourth Amendment and argue that the Tulsa Ordinance which states that pawn brokers "shall cause to be delivered" pawnshop reports to law enforcement somehow distinguishes this case from the cases previously decided by this circuit. Plaintiffs cannot evade the well established principal that they cannot have a legitimate expectation of privacy in information that was voluntarily given to third parties. Securities and Exchange Comm'n v. Obrien, Inc., 467 U.S. 735, 743 (1984). The pawnshop business is a highly regulated business in almost all states. Oklahoma is no exception. Anyone who enters into a transaction with a pawnshop enters into a public transaction that is the subject of a full array of state and local laws regarding law enforcement's entitlement and access to information regarding these transactions. Pawnshop customers simply have no subjective expectation of privacy in these public

3

transactions.

The Oklahoma Pawn Broker Act and the Tulsa Ordinance clearly are reasonable and rationally related to a legitimate governmental interest. <u>Winters v. Board of County Commissioners</u>, 4 F. 3d 848 (10th Cir. 1993). We hold that there is no distinction between this action and those previously decided by this circuit. We therefore **AFFIRM** the order of the district court for substantially the reasons given by the district court.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge